UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFREY LEWIS AND MARY ANN CRANE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1765** |
| **WALMART INC., ET AL.** | **SECTION "B"(4)** |

### ORDER AND REASONS

Before the Court are plaintiffs Jeffrey Lewis and Mary Ann Crane's motion to remand proceeding to state court (Rec. Doc. 3) and defendants Walmart, Inc., Wal-Mart Louisiana, L.L.C., and Brian Matherne's statement of non-opposition in response to plaintiffs' motion to remand to state court (Rec. Doc. 4). For the following reasons,

**IT IS ORDERED** that the motion is **GRANTED**, and this case is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Jeffrey Lewis and Mary Ann Crane (collectively "Plaintiffs") filed this personal injury action in the 21st Judicial District Court for the Parish of Tangipahoa on January 12, 2024. *See* Rec. Doc. 1-1. Plaintiffs allege that plaintiff Jeffrey Lewis was seriously injured while delivering racks of plants to a Walmart store in Amite, Louisiana. *See generally* Rec. Doc. 1-1. Mr. Lewis, a commercial truck driver, alleges that upon arriving at the Walmart store to make a delivery, defendant Brian Matherne ("Matherne"), a Walmart employee, negligently unloaded racks of plants from the trailer of the Mr. Lewis' vehicle, causing a 600-lb rack of plants to fall onto Mr. Lewis, seriously injuring him. *See* Rec. Doc. 3-1 at 1. Plaintiffs' original petition for damages named as defendants Walmart, Inc., Matherne, Henry Mast Greenhouses, Inc., and Peak Transportation Solutions, Inc. *See* Rec. Doc. 1-1 ¶ 1. Plaintiffs requested service on all defendants

1

and defendants Walmart Inc. and Matherne were properly served. *See* Rec. Docs. 1-1 ¶ 31; 1-2; 3-3. On March 13, 2024, plaintiffs filed their first restated, amended, and supplemental petition for damages, adding Wal-Mart Louisiana, L.L.C. and Neal Mast and Son, Inc. as defendants. *See* Rec. Doc. 1-4 ¶ 2. Plaintiffs again requested service on all named defendants. *See* Rec. Doc. 1-4 at 12-13. On March 14, 2024, defendant Matherne was served with plaintiffs' amended petition. *See* Rec. Doc. 3-4.

On July 15, 2024, defendants Walmart Inc., Wal-Mart Louisiana, L.L.C., and Matherne (collectively "Defendants") removed this matter pursuant to diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. *See* Rec. Doc. 1 at 1. In defendants' notice of removal, defendants allege that plaintiffs are citizens of Florida. *See* Rec. Doc. 1 ¶ 14. Defendants further allege that Matherne is a "resident of and domiciled in Livingston Parish, Louisiana." *See* Rec. Doc. 1 at 5 ¶ 14. Defendants further state the amended petition "does not allege that Mr. Matherne breached or owed any personal duty to [p]laintiffs," and "[a]ccordingly, [p]laintiffs have no reasonable basis for establishing personal liability against Mr. Matherne, and he is not a properly joined defendant." *See id.* At the time of removal, defendant Matherne, had been properly served. *See generally* Rec. Docs. 3-3 and 3-4.

In their motion to remand, plaintiffs contend that defendant Matherne is a "properly joined" defendant, and thus, the action is not removable pursuant to 28 U.S.C. § 1441(b)(2), otherwise known as the forum-defendant rule. *See* Rec. Doc. 3 at 3 ¶ 7-10. Plaintiffs further contend that defendants' notice of removal is untimely pursuant to 28 U.S.C. § 1446(b)(3), requiring the matter to be remanded to state court. *See id.* at ¶ 11-12. In response, defendants filed a statement of non-opposition to plaintiff's motion to remand. *See generally* Rec. Doc. 4.

II.   **LAW AND ANALYSIS**

2

## A.  Whether defendant Matherne was properly joined at the time of removal

"As a threshold matter, [the defendants'] decision not to oppose [plaintiffs'] remand motion provides sufficient grounds to remand on its own." *See Cowart v. Equipmentshare.com*, No. 23-6934, 2023 WL 8714477, at *1 (E.D. La. Dec. 18, 2023) (Vance, J.) (first citing *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases) (then citing *Williams v. Parker*, 843 F.3d 617, 621 (5th Cir. 2016) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence.") (citations omitted).

The doctrine of improper joinder "entitle[s] a defendant to remove a case to a federal forum unless an in-state defendant has been properly joined. *Mumfrey-Martin v. Stolthaven New Orleans*, Nos. 12–2539, 12–2543, 12–2546, 2013 WL 4875088, at *3 (E.D. La. Sep. 10, 2013) (Lemelle, J.) (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Because the doctrine of improper joinder is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one, belonging to the removing party. *Id.* (citing *In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009). Improper joinder can be established by showing (1) "actual fraud in the pleading of jurisdictional facts" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse defendant." *See id.* at 4. (citing *Smallwood*, 385 F.3d at 573); *see also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). Defendants do not dispute that Matherne is a Louisiana resident. We next consider whether plaintiffs have established a viable claim against that defendant under Louisiana law.

There are two methods for determining the viability of plaintiffs' claims against an in-state defendant. *Id.* (citing *Smallwood*, 385 F.3d at 573). First, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (citing same). Second,

3

where a plaintiff misstates or omits discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary judgment type inquiry. *Id.* (same). Here, the Court need not look beyond the allegations of the complaint and decides the matter by considering the plaintiffs' claims under a Rule 12(b)(6) analysis.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for failure of a complaint to state a claim upon which relief can be granted. *Mumfrey-Martin*, 2013 WL 4875088, at *4 (citing *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 552 (2007)). The court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *See id.* (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). A court is required to draw on its common sense and experience in a context specific manner. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Louisiana law provides that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La C.C. art. 2320. To hold an employer liable under the doctrine of *respondeat superior*, a plaintiff must establish (1) "an employer/employee relationship," (2) "a negligent or tortious act on the part of an employee," and (3) "the act complained of must be committed in the course and scope of employment." *See Bryan v. Diaz*, No. 24-1663, 2024 WL 3887001, at *3 (E.D. La. Aug. 21, 2024) (Africk, J.) (citing *Jones v. Maryland Cas. Co.*, 2018-0552, p. 10 (La. App. 4 Cir. 5/11/22), 339 So. 3d 1243, 1249.

Plaintiffs' original and amended petitions for damages specifically allege causes of actions against defendant Matherne for his own negligence. See Rec. Docs. 1-1 at 7 ¶ 25 and 1-4 at 9-10 ¶ 25. For example, plaintiffs allege that Matherne failed to "take and/or follow proper safety precautions," that Matherne failed to "properly operate a forklift and unload a delivery from a trailer so as to reasonably and appropriately avoid and/or reduce the risk of causing injury to

others," and that Matherne failed to "inspect the job site, trailer, load being delivered and/or other relevant conditions or circumstances to ensure safe and reasonable conditions before proceeding with unloading delivery from a trailer via forklift." *See* Rec. Doc. 1-4 at 9 ¶ 25(a), (b), and (d).

Moreover, plaintiffs' petitions for damages "explicitly alleges that all of the defendants named therein (including Brian Matherne, Walmart, Inc., and Wal-Mart Louisiana, LLC) are liable jointly and *in solido* for the damages, injuries, and losses suffered by [p]laintiffs and/or alleged herein." *See* Rec. Doc. 3-1 at 4-5 (internal quotations omitted); *see also* Rec. Docs. 1-1 at 8 ¶ 27 and 1-4 at 10 ¶ 27. Thus, plaintiffs' petitions offer more than mere legal conclusions of the elements of *respondeat superior* liability under Louisiana law.

The forum-defendant rule serves as an additional statutory limitation on removal, barring removal when there is a "properly joined and served" defendant who "is a citizen of the State in which [the] action is brought." *Hughes*, 2023 WL 5950456, at *3 (first citing 28 U.S.C. § 1441(b)(2)) (then citing *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020) (recognizing that the forum-defendant rule "is a procedural rule and not a jurisdictional one" (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009))). Here, the removal occurred involving a defendant who is a properly joined and served citizen of Louisiana. Under circuit precedent, this removal is procedurally barred.

### B. Timeliness of Removal

The timeliness of removal is governed by 28 U.S.C. § 1446. Section 1446(b) provides two possible starting points for a defendant's thirty-day window to remove a case: upon service of the initial pleading or, "if the case stated by the initial pleading is not removable," upon receipt of an "other paper" which indicates the case "is or has become removable." 28 U.S.C. § 1446(b)(1), (3).

In their notice of removal, defendants aver that the required jurisdictional amount for federal jurisdiction is based on plaintiff Lewis' answers to defendants' requests for admissions, or rather, "other papers." *See* Rec. Doc. 1 at 6-7 ¶ 24. Defendants further indicate that "[plaintiff Lewis] admits "that damages exceed $75,000, exclusive of costs and interests." *Id.*; *see also* Rec Doc. 1-7 at 1 ¶ 3. Plaintiff Lewis' answers to requests for admissions were served on defendants on June 13, 2024. *See* Rec. Doc. 1-7 at 2. After receiving Lewis' answers to requests for admissions, defendants removed this action on July 15, 2024. *See* Rec. Doc. 1. Prior to filing this action, plaintiffs' counsel emailed plaintiff's medical record bills to the adjuster in August 2023 that arguably showed damages would likely exceed the $75,000 jurisdictional amount. *See generally* Rec. Doc. 3-6. As surmised from the petition, it is also reasonably conceivable that serious injuries would occur from being struck from above by a 600 pound load. The above-described events, taken individually or collectively, triggered the thirty-day removal window rendering the July 2024 removal untimely.

New Orleans, Louisiana this 24th day of September, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE